## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| EDWARD LEO, AS EXECUTOR OF THE ESTATE OF DAWN L. LEO, CLIFFORD MARCHION, AND DONNA MARCHON, on behalf of themselves and all others similarly situated,<br><br>                    Plaintiffs,<br><br>v.<br><br>NATIONSTAR MORTGAGE LLC OF DELAWARE d/b/a CHAMPION MORTGAGE COMPANY; GREAT AMERICAN ASSURANCE COMPANY; and WILLIS OF OHIO, INC. d/b/a LOAN PROTECTOR INSURANCE SERVICES,<br><br>                    Defendants. | Case No.: 3:17-cv-05839-AET-DEA |

## <u>NOTICE OF APPEAL</u>

Notice is hereby given that Plaintiffs Edward Leo, as executor of the estate of Dawn L. Leo, Clifford Marchion and Donna Marchion, hereby appeal to the U.S. Court of Appeals for the Third Circuit from the order signed on August 15, 2019. The order has been entered on the docket as evidenced by the attached order and opinion. *See* Exhibit A.

Respectfully submitted on this 9th day of September, 2019.

| | |
|---|---|
| **/s/Adam Moskowitz, Esq.**<br>Adam M. Moskowitz, Esq.<br>adam@moskowitz-law.com<br>Howard M. Bushman, Esq.<br>howard@moskowitz-law.com<br>Joseph M. Kaye, Esq.<br>joseph@moskowitz-law.com<br>Adam A. Schwartzbaum<br>adams@moskowitz-law.com<br>**THE MOSKOWITZ LAW FIRM, PLLC**<br>2 Alhambra Plaza<br>Suite 601<br>Coral Gables, FL 33134 Telephone: 305 740-1423<br>*Counsel for Plaintiffs* | **/s/Kyle R. Tognan, Esq.**<br>Lawrence E. Bathgate, II, Esq.<br>N.J. State Bar No. 222621965<br>Kyle R. Tognan, Esq.<br>N.J. State Bar No. 128372014<br>Federal Identification No. KT0120<br>**BATHGATE, WEGENER & WOLF, P.C.**<br>ONE AIRPORT ROAD<br>LAKEWOOD, NJ 08701<br>732-363-0666<br>Email: ktognan@bathweg.com<br>*Counsel for Plaintiffs* |
| **/s/Joseph G. Sauder, Esq.**<br><br>Joseph G. Sauder, Esq.<br>N.J. State Bar No. 030791998<br>**McCune Wright, LLP**<br>555 Lancaster Ave<br>Berwyn, PA 19312<br>(610) 200-0580<br>Email: jgs@mccunewright.com<br>*Counsel for Plaintiffs* | |

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

EDWARD LEO, AS EXECUTOR OF
THE ESTATE OF DAWN L. LEO,
CLIFFORD   MARCHION,   AND
DONNA MARCHON, on behalf of
themselves and all others similarly
situated,

               Plaintiffs,

v.

NATIONSTAR   MORTGAGE   LLC
OF DELAWARE d/b/a CHAMPION
MORTGAGE COMPANY; GREAT
AMERICAN            ASSURANCE
COMPANY; and WILLIS OF OHIO,
INC.  d/b/a  LOAN  PROTECTOR
INSURANCE SERVICES,

              Defendants.

Case No.: 3:17-cv-05839-AET-DEA

## ***PROOF OF SERVICE***

     I hereby certify that I am this day serving true and correct copies of the within **Notice of Appeal, Order and docket,** *see* **Exhibit B, and this Proof of Service** upon all parties in this case via e-filing and/or regular mail.

Date: <u>September 9, 2019 </u>     By: <u>/s/ Kyle R. Tognan, Esq._____</u>
                                     Kyle R. Tognan, Esq.

Exhibit A

NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| EDWARD LEO *et al.*, | Civ. No. 18-4099 |
| Plaintiffs, | **ORDER** |
| v. | |
| NATIONSTAR MORTGAGE LLC OF DELAWARE *et al.*, | |
| Defendants. | |

THOMPSON, U.S.D.J.

For the reasons stated in this Court's Opinion on this same day,

IT IS on this 15th day of August, 2019,

ORDERED that the Motion to Dismiss brought by Defendant Nationstar Mortgage LLC of Delaware (ECF No. 111) is GRANTED; and it is further

ORDERED that the Amended Motion to Dismiss brought by Defendant Great American Assurance Company (ECF No. 112) is GRANTED; and it is further

ORDERED that the Motion to Dismiss Amended Complaint brought by Defendant Willis of Ohio, Inc. (ECF No. 113) is GRANTED; and it is further

ORDERED that the Amended Complaint (ECF No. 58) is DISMISSED.

*/s/ Anne E. Thompson*
ANNE E. THOMPSON, U.S.D.J.

1

<u>NOT FOR PUBLICATION</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| EDWARD LEO *et al.*, | Civ. No. 18-4099 |
| Plaintiffs, | **OPINION** |
| v. | |
| NATIONSTAR MORTGAGE LLC OF DELAWARE *et al.*, | |
| Defendants. | |

<u>THOMPSON, U.S.D.J.</u>

## <u>INTRODUCTION</u>

This matter comes before the Court upon three Motions to Dismiss brought by Defendants Nationstar Mortgage LLC of Delaware d/b/a Champion Mortgage Company ("Nationstar") (ECF No. 111); Great American Assurance Company ("Great American") (ECF No. 112), and Willis of Ohio, Inc. d/b/a Loan Protector Insurance Services ("Willis") (collectively, "Defendants") (ECF No. 113).  Plaintiffs Edward Leo, on behalf of the Estate of Dawn L. Leo, and Clifford J. Marchion and Donna Marchion, on behalf of themselves and all others similarly situated, (collectively, "Plaintiffs") oppose.  (ECF No. 117.)  The Court has decided the Motions based on the parties' written submissions and without oral argument, pursuant to Local Civil Rule 78.1(b).  For the reasons stated herein, the Motions are granted.

## <u>BACKGROUND</u>

### I.    **Plaintiffs' Force-Placed Insurance Policies**

Plaintiffs Leo and Marchion, two different homeowners, each took out reverse mortgages on their real properties located in New Jersey and North Carolina, respectively.  (Am. Compl. ¶¶

1

1–2, ECF No. 58.)  Defendant Nationstar, a lender, serviced these reverse mortgages, as memorialized in mortgage agreements.  (*Id.* ¶¶ 3, 31.)  Both mortgage agreements required Plaintiffs to maintain hazard insurance coverage.  (*See id.* ¶¶ 31, 55, 67.)  If Plaintiffs failed to maintain adequate hazard insurance, the mortgage agreements permitted Defendant Nationstar to purchase insurance for Plaintiffs and then charge Plaintiffs for the cost of that insurance—also known as "force-placed" or "lender-placed" insurance.  (*See id.* ¶¶ 55, 67 (providing that Defendant Nationstar may "do and pay whatever is necessary to protect the value of the Property and [Defendant Nationstar]'s rights in the Property, including payment of . . . hazard insurance," and that "[Defendant Nationstar] shall advance and charge to [Plaintiffs] all amounts due to the Secretary for the Mortgage Insurance Premium").)

Both Plaintiffs Leo and Marchion's hazard insurance policies lapsed sometime in 2014 or 2015.  (*Id.* ¶¶ 58–60, 68–70.)  Shortly afterwards, Defendant Nationstar sent multiple letters to Plaintiffs warning them that if they did not obtain hazard insurance, Defendant Nationstar "may purchase insurance, at your expense, to protect [Defendant Nationstar's] interest in the property . . . [and] the cost of any insurance [that Defendant Nationstar] purchase[s] will be added to your loan balance."  (*See id.* ¶ 68.)  A second round of letters was sent about a month later, warning that Plaintiffs would "be billed for the cost of any insurance [Defendant Nationstar] purchase[s]"; the letters also provided the cost that would be billed.  (*See id.* ¶ 69.)

After these warning letters, Defendant Willis, acting as a broker for Defendant Nationstar, obtained hazard insurance policies from Defendant Great American; Plaintiffs were charged for the cost.  (*See id.* ¶¶ 34–35.)  Plaintiffs, and the putative class, do not allege that Defendant Nationstar purchases an individual policy each time a borrower allows his hazard insurance to lapse.  (*See id.* ¶ 39.)  Plaintiffs instead contend that

2

> [Defendant Nationstar] purchases a master insurance policy from [Defendant] Great American that covers the entire [Defendant Nationstar] portfolio of mortgage loans.  In exchange, [Defendant] Great American is given the exclusive right to force insurance on property securing a loan within the portfolio when the borrower's insurance lapses or the lender determines the borrower's existing insurance is inadequate. . . . Once a lapse is identified . . . . [i]n reality . . . the master policy is already in place and [Defendant Nationstar] does not purchase a new policy on the individual borrower's behalf.  Rather, a certificate of insurance from the master policy is automatically issued by [Defendant] Great American or [Defendant Willis]. . . . Once a certificate is issued pursuant to the pre-existing master policy, coverage is forced on the property and [Defendant Nationstar] charges the borrower an amount it attributes to the "cost" of the [Defendant] Great American force-placed insurance . . . .

(*Id.* ¶¶ 34–40.)  Defendant Nationstar sent letters to Plaintiffs informing them of such at the time of purchase.  (*See id.* ¶¶ 60, 70.)

Defendant Great American, the insurer, paid Defendant Nationstar a commission fee for each new certificate of insurance issued.  (*Id.* ¶¶ 41–43.)  Plaintiffs allege that this payment functioned as a "kickback" insofar as the "payment is not compensation for work performed; it is an effective rebate on the premium amount owed by [Defendant Nationstar], reducing the [overall] cost of coverage that [Defendant Nationstar] pays to [Defendant] Great American" for the force-placed insurance policy.  (*Id.*)  Plaintiffs contend that the full cost of servicing these policies, including the commission payments, "is added into the force-placed amounts which are then passed on to the borrower," thus inflating the cost that the borrower must pay for the policy.  (*Id.* ¶¶ 47–49.)  State regulators in New Jersey and North Carolina approved these insurance rates beforehand, as required by law.  (*See* N.J. Ins. Docs., Ex. C, ECF No. 112-5; N.C. Ins. Docs., Ex. D, ECF No. 112-6.)

## II.     Procedural History

Plaintiffs filed the Complaint on August 7, 2017 (ECF No. 1) and the Amended Complaint on January 19, 2018 (ECF No. 58).  Plaintiffs allege ten counts against various

combinations of Defendants: (1) breach of contract against Defendant Nationstar (Am. Compl.

¶¶ 90–97); (2) breach of the implied covenant of good faith and fair dealing against Defendant

Nationstar (*id.* ¶¶ 98–105); (3–5) violations of the New Jersey Consumer Fraud Act ("NJCFA"),

N.J.S.A. § 56:8-1, against all Defendants (Am. Compl. ¶¶ 106–42); (6) tortious interference with

a business relationship against Defendants Great American and Willis (*id.* ¶¶ 143–48); (7) unjust

enrichment against Defendant Nationstar (*id.* ¶¶ 149–57); (8) violation of the Truth in Lending

Act ("TILA"), 15 U.S.C. § 1601, against Defendant Nationstar (Am. Compl. ¶¶ 158–69); and (9–

10) violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C.

§§ 1962(c), (d), against all Defendants (Am. Compl. ¶¶ 170–93).

  Defendants initially filed motions to dismiss on February 20, 2018 (ECF Nos. 65, 68–69)

but, to explore the possibility of settlement, the Court administratively terminated them on June

1, 2018 (*see* ECF Nos. 92–94).  The parties were not able to settle and instead wanted to wait

until the Eleventh Circuit ruled on a motion for rehearing *en banc* in *Patel v. Specialized Loan

Servicing, LLC*, 904 F.3d 1314 (11th Cir. 2018), a factually similar force-placed insurance case.

(*See* ECF No. 98.)  Thus, pending the Eleventh Circuit's decision, the Court administratively

terminated the action without prejudice on December 4, 2018.  (ECF No. 99.)  The Eleventh

Circuit denied the motion for rehearing *en banc* on January 17, 2019, *Patel v. Specialized Loan

Servicing, LLC*, 2019 U.S. App. LEXIS 1627, at *2 (11th Cir. Jan. 17, 2019), and, shortly

afterwards, the parties indicated that they wish to move forward with briefing the Motions to

Dismiss (*see* ECF Nos. 106–10).

  On February 8, 2019, Defendants refiled their Motions to Dismiss.  (ECF Nos. 111–13.)

Plaintiffs opposed on March 11, 2019 (ECF No. 117), and Defendants replied in late March 2019

(ECF Nos. 121–22, 124, 128).  This action was then reassigned to the Honorable Anne E.

Thompson on June 25, 2019. (ECF No. 133.) The Motions to Dismiss are currently before the Court.

## LEGAL STANDARD

To survive dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). When considering a Rule 12(c) motion, a district court should conduct a three-part analysis. *Cf. Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "First, the court must 'take note of the elements a plaintiff must plead to state a claim.'" *Id.* (quoting *Iqbal*, 556 U.S. at 675). Second, the court must accept as true all well-pleaded factual allegations and construe the complaint in the light most favorable to the plaintiff. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210–11 (3d Cir. 2009); *see also Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 786–87 (3d Cir. 2016). However, the court may disregard any conclusory legal allegations. *Fowler*, 578 F.3d at 203. Finally, the court must determine whether the "facts are sufficient to show that plaintiff has a 'plausible claim for relief.'" *Id.* at 211 (quoting *Iqbal*, 556 U.S. at 679). A complaint which does not demonstrate more than a "mere possibility of misconduct" must be dismissed. *See Gelman v. State Farm Mut. Auto. Ins. Co.*, 583 F.3d 187, 190 (3d Cir. 2009) (quoting *Iqbal*, 556 U.S. at 679).

## DISCUSSION

New Jersey and North Carolina, where the two real properties at issue are located, heavily regulate the insurance industry. In New Jersey, "every insurer shall, before using or applying any rate to any kind of insurance, file with the commissioner a copy of the rating-system upon which such rate is based." N.J.S.A. § 17:29A-6. The commissioner then reviews

each proposed rate and determines whether it is "unreasonably high or excessive."  N.J.S.A. §

17:29A-7.  Likewise, in North Carolina, "copies of the rates, loss costs, classification plans,

rating plans and rating systems" must be filed with the commissioner.  N.C. Gen. Stat. § 58-36-

15(a).  The commissioner then reviews each rate to determine whether it is "excessive,

inadequate or unfairly discriminatory."  N.C. Gen. Stat. §§ 58-36-10(1), 58-36-20(a).

      The filed-rate doctrine holds that any "filed rate," one approved by the governing

regulatory agency, "is per se reasonable and unassailable in judicial proceedings brought by

ratepayers."  *McCray v. Fid. Nat'l Title Ins. Co.*, 682 F.3d 229, 243 n.15 (3d Cir. 2012) (internal

citation omitted).  "[W]here the legislature has conferred power upon an administrative agency to

determine the reasonableness of a rate, the rate-payer 'can claim no rate as a legal right that is

other than the filed rate." *Patel*, 904 F.3d at 1321 (internal citation omitted) (en banc).  "This

holds true even 'where a regulated entity allegedly has defrauded an administrative agency to

obtain approval of a filed rate' or where the rate filed with the agency resulted from price-

fixing."  *Id.* (internal citation omitted).

      To determine whether a claim implicates the filed-rate doctrine, courts analyze two

governing principles: (1) nonjusticiability and (2) nondiscrimination.  *See In re N.J. Title Ins.

Litig.*, 683 F.3d 451, 455 (3d Cir. 2012) ("[T]he doctrine is designed to advance . . . (1)

'preventing carriers from engaging in price discrimination as between ratepayers,' and (2)

'preserving the exclusive role of . . . agencies in approving rates . . . by keeping courts out of the

rate-making process.'" (quoting *Marcus v. AT&T Corp.*, 138 F.3d 46, 58 (2d Cir. 1998))).

> The "nonjusticiability strand" recognizes that "(1) legislatively appointed
> regulatory bodies have institutional competence to address rate-making issues; (2)
> courts lack the competence to set . . . rates; and (3) the interference of courts in
> the rate-making process would subvert the authority of rate-setting bodies and

undermine the regulatory regime." The "nondiscrimination strand" recognizes that "victorious plaintiffs would wind up paying less than non-suing ratepayers."

*Id.* (internal citations omitted).

## I. The Filed-Rate Doctrine Is Recognized in Force-Placed Insurance Claims in both Federal and State Common Law

Because Plaintiffs allege both federal and state claims (*see* Am. Compl. ¶¶ 90–193 (alleging claims in breach of contract, breach of implied covenant of good faith, violations of the NJCFA, tortious interference, and unjust enrichment, but also violations of the TILA and RICO)), the Court must examine the filed-rate doctrine under both federal and state common law. For the reasons stated herein, the Court finds that the doctrine may be applied to both of Plaintiffs' federal- and state-law claims.

### A. Federal Claims

It should be noted at the outset that "the Third Circuit has not yet decided whether the [filed-rate] doctrine bars the [force-placed insurance] claims at issue here." *Francese v. Am. Modern Ins. Grp., Inc.*, 2019 U.S. Dist. LEXIS 64929, at *12 (D.N.J. Apr. 16, 2019). Plaintiff, however, argues that *Alston v. Countrywide Financial Corp.*, 585 F.3d 753 (3d Cir. 2009), prevents the application of the filed-rate doctrine to their claims.

Although *Alston* implicates the filed-rate doctrine in the insurance context, Plaintiffs overstate the applicability of *Alston* in the instant action. In *Alston*, the plaintiffs sought to recover statutory treble damages pursuant to Section 8(d)(2) of the Real Estate Settlement Procedures Act of 1974 ("RESPA"), 12 U.S.C. § 2607(d)(2). *Alston*, 585 F.3d at 755. The plaintiffs alleged that their private mortgage insurance premiums—not force-placed insurance premiums—were channeled into an unlawful "captive reinsurance arrangement" by their mortgage lender. *Id.* The "overriding question" before the court was not whether the filed-rate

7

doctrine barred the plaintiffs' claims, but rather "whether Congress intended to create a private right of action for a consumer who alleges a violation of RESPA section 8 in connection with his or her settlement." *Id.* at 758.  Only after the court answered in the affirmative did it, admittedly, "briefly address" the filed-rate doctrine, specifically focusing on Congress's intent in passing RESPA.  *See id.* at 763–65 ("[I]f we were to find that the filed rate doctrine bars plaintiffs' claims, we would effectively be excluding [private mortgage insurance] from the reach of RESPA, a result plainly unintended by Congress.").  Finding that the filed-rate doctrine was not applicable to the particular alleged scheme, the court's underlying rationale appeared to be tailored, and thus limited, to the contextual contours of RESPA.  *See id.* at 764 (outlining four reasons why the doctrine did not apply to RESPA claims, such as "the purpose of RESPA" and the fact that "the measure of [statutory treble] damages is three times the price of [private mortgage insurance] . . . so there is no need to parse or second guess rates").  The court even cautioned that "[p]laintiffs may not sue under the veil of RESPA if they simply think that the price they paid for their settlement services was unfair," a suit presumably barred by the filed-rate doctrine.  *See id.* (quoting *Kay v. Wells Fargo & Co.*, 247 F.R.D. 572, 576 (N.D. Cal. 2007)).

Some courts in this District have concluded that the filed-rate doctrine does not bar force-placed insurance claims,[1] but this Court found that the only two courts of appeals that have

---

[1] *See Gallo v. PHH Mortg. Corp.*, 916 F. Supp. 2d 537, 543–49 (D.N.J. 2012) (relying on *Alston* and denying motion to dismiss based on filed-rate doctrine); *see also Burroughs v. PHH Mortg. Corp.*, 2016 U.S. Dist. LEXIS 47475, at *7–10 (D.N.J. Apr. 7, 2016) (same); *Santos v. Carrington Mortg. Servs., LLC*, 2015 U.S. Dist. LEXIS 89285, at *6–10 (D.N.J. July 8, 2015) (declining to apply filed-rate doctrine because, in part, plaintiff challenged defendant's conduct, not the reasonableness or propriety of the rate itself); *DiGiacomo v. Statebridge Co., LLC*, 2015 U.S. Dist. LEXIS 82496, at *15–21 (D.N.J. June 25, 2015) (denying motion to dismiss).

directly addressed this precise question have found that it does bar these claims.  *See Patel*, 904

F.3d at 1316 (affirming dismissal of force-placed insurance claims because plaintiffs alleged

"textbook examples of the sort of claims that we have previously held are barred by the

nonjusticiability principle" of the filed-rate doctrine); *Rothstein v. Balboa Ins. Co.*, 794 F.3d 256,

261 (2d Cir. 2015) (concluding that claims are barred, pursuant to the filed-rate doctrine, by both

nonjusticiability and nondiscrimination principles).  *Patel*, the more recent of the two, not only

addressed nearly identical causes of action as Plaintiffs allege here,[2] but the court specifically

distinguished *Alston*:

> While it is true that the Third Circuit [in *Alston*] stated that it is "absolutely clear
> that the filed rate doctrine simply does not apply here[,]" immediately preceding
> that statement, it said, "[i]t goes without saying that if we were to find that the
> filed rate doctrine bars plaintiffs' claims, we would effectively be excluding
> [private mortgage insurance] from the reach of RESPA, a result plainly
> unintended by Congress."  Given that the filed-rate doctrine rests upon the
> principle that "[w]here the legislature has conferred power upon an administrative
> agency to determine the reasonableness of a rate, the rate-payer 'can claim no rate
> as a legal right that is other than the filed rate[,]'" *Alston* seems to be making the
> rather unremarkable point that the reach of the filed-rate doctrine can be
> circumscribed by legislation that confers to individuals a private right of action.
> Since nothing akin to RESPA's remedial provision exists here, *Alston* is not on
> point.

*Patel*, 904 F.3d at 1327 n.8 (internal citations omitted).  And the only court in this District to

address this issue after *Patel* has agreed with *Patel*'s analysis.  *See Francese*, 2019 U.S. Dist.

LEXIS 64929, at *1 (concluding that *Alston* is "inapposite" because it "discussed neither the

nonjusticiability [n]or nondiscrimination principles" and thus dismissing force-placed insurance

---

[2] In *Patel*, the plaintiffs alleged breach of contract and implied covenant of good faith and fair
dealing; tortious interference; unjust enrichment; and violations of TILA, RICO, and the Florida
Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.201.  *Patel*, 904 F.3d at 1317.

claims because plaintiffs "implicat[ed] both the . . . principles").[3]  Therefore, the filed-rate

doctrine is recognized in force-placed insurance claims in federal common law and thus may be

applicable to Plaintiffs' federal claims.

        B.    *State Claims*

        The filed-rate doctrine is also recognized in New Jersey and North Carolina state courts.

"It is well established that the filed rate doctrine can serve as a defense against both federal and

state action."  *See N.J. Title Ins.*, 683 F.3d at 459 n.3 (citing *Am. Tel. & Tel. Co. v. Centraloffice*

*Tel.*, 524 U.S. 214, 228 (1998)), 459–61 (noting that "state law does not preclude the doctrine's

application to [plaintff's] New Jersey Antitrust Act claim").  "Federal courts that decide state law

claims are required to apply the substantive law of the state whose laws govern the action."  *Id.*

at 459 (quoting *Parkway Garage, Inc. v. City of Phila.*, 5 F.3d 685, 701 (3d Cir. 1993)); *see also*

*Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 78–80 (1938).  New Jersey and North Carolina both

recognize the filed-rate doctrine, *see Weinberg v. Sprint Corp.*, 801 A.2d 281, 285–87 (N.J.

2002) (discussing applicability of filed-rate doctrine); *N.C. Steel v. Nat'l Council on Comp. Ins.*,

496 S.E.2d 369, 372–74 (1998) (adopting filed-rate doctrine), but the two states have neither

rejected nor adopted its applicability in force-placed insurance claims.  Therefore, the Court

incorporates the justifications expounded above, *see supra* Section I.A, and applies them to

Plaintiffs' state-law claims.

**II.**    **The Filed-Rate Doctrine Bars All Claims in the Amended Complaint**

        Plaintiffs' allegations implicate both the nonjusticiable and nondiscrimination principles,

---

[3] As in *Patel*, the plaintiffs in *Francese* alleged nearly identical causes of action: breach of contract and implied covenant of good faith and fair dealing; tortious interference; and violations of TILA, RICO and the NJCFA.  *See Francese*, 2019 U.S. Dist. LEXIS 64929, at *7–8 (listing claims).

thus warranting dismissal.[4]  First, although Plaintiffs allege that they do not challenge Defendant Great American's rates for their force-placed insurance policies (*see* Am. Compl. ¶¶ 8, 52), the entirety of their allegations, taken together, belie this assertion.  Plaintiffs essentially challenge the reasonableness of Defendant Great American's filed rates, arguing that the insurance premiums were "exorbitant," "unreasonably inflated," and "unreasonably high."  (*See, e.g.*, Am. Compl. ¶¶ 32 (alleging that Defendants "manipulate[d] the force-placed insurance market and artificially inflate[d] the charges"), 116 (contending that Defendants "carried exorbitant premiums"), 148 (characterizing conduct as "being charged bad faith, exorbitant, and illegal charges"), 152 ("[Defendant Nationstar] had the incentive to seek out unreasonably inflated prices for the force-placed insurance and charge the inflated amounts to borrowers."), 187 (challenging "unreasonably high force-placed insurance premiums").)  They also accuse Defendants of "manipulating the force-placed insurance market" and receiving "kickbacks . . . disguised as unearned 'commissions.'"  (*See, e.g.*, *id.* ¶¶ 6–8, 13, 32, 52, 94, 164.)  Similar allegations were advanced in other cases that have been dismissed pursuant to the filed-rate doctrine.  *See Patel*, 904 F.3d at 1325–26 (finding that plaintiffs "repeatedly stat[ed] that they [were] challenging [defendant's] premiums" through phrases like "artificially inflated premiums," "unreasonably high force-placed insurance premiums," and "price manipulation"); *Francese*, 2019 U.S. Dist. LEXIS 64929, at *10–11 (barring claims because "the complaint [was] replete with allegations challenging the reasonableness of the LPI premiums charged," such as "manipulat[ing] the [LPI] market and inflat[ing] the amounts charged to [p]laintiff,"

---

[4] Defendants need only succeed on one of these principles to warrant dismissal.  *See McCray*, 682 F.3d at 242 (explaining that "the doctrine applies 'whenever either the nondiscrimination or the nonjusticiability strand . . . is implicated'" (quoting *Marcus*, 138 F.3d at 59)).

11

receiving "unearned commissions," and charging "excess of the actual cost" and "high premiums"). "[U]nder the nonjusticiability principle, it is squarely for the regulators to say what should or should not be included in a filed rate" as "whether insurer-provided services should have been reflected in the calculation of [the force-placed insurance premium] is not for us to say." *Rothstein*, 794 F.3d at 262; *see also N.J. Title Ins.*, 683 F.3d at 457 (noting that "federal courts are ill-equipped to engage in the rate making process").

Plaintiffs, however, argue that the inherent nature of force-placed insurance, being an "A-to-B-to-C" transaction, is determinative. (*See* Pls.' Br. at 16, 32–34.) They contend that the filed-rate doctrine prevents only a suit challenging the A-to-B portion of the transaction—the lender purchasing a policy from the insurer—as that is the only rate approved by state regulators. Plaintiffs instead, they insist, challenge only the B-to-C portion—the lender charging the borrower for the policy that the lender purchased from the insurer.

But Plaintiffs ignore their allegations advanced in the Amended Complaint. Although they allege that "[o]nce a lapse [in coverage] is identified . . . . the master policy is already in place and [Defendant Nationstar] does not purchase a new policy on the individual borrower's behalf," suggesting that this is the only actual filed rate, they also allege that Defendant Great American then issues a "certificate of insurance from the master policy" which "charges the borrower an amount it attributes to the 'cost' of the [Defendant] Great American force-placed insurance." (Am. Compl. ¶¶ 35, 38.) The cost charged to the borrower for the certificate of insurance is presumably subsumed within the cost charged to the lender for the master policy, which state regulators approved. *Cf. N.J. Title Ins.*, 683 F.3d at 456 ("The Supreme Court has indicated that the doctrine applies whenever rates are properly filed with a regulating agency."). Submissions to the state regulators even outline the contours of this relationship. (*See* N.J. Ins.

12

Docs. at 13–19, 22–32; N.C. Ins. Docs. at 12–22, 63–69.)  "The distinction between an 'A-to-B'

transaction and an 'A-to-B-to-C' transaction is especially immaterial in the [force-placed

insurance] context" as "[t]he principles of nonjusticiability and nondiscrimination have

undiminished force even when the rate has passed through an intermediary."  *Rothstein*, 794 F.3d

at 264–65; *see also Patel*, 904 F.3d at 1322 ("[W]e need not debate whether the FPI transaction

consists of two, separate transactions . . . or a single 'A-to-B-to-C' transaction, where the

[lenders] are merely a conduit between the insurers and the borrowers.").  Simply put, Plaintiffs

do not allege facts sufficient to infer that the cost charged to Plaintiffs was actually more than the

cost of their share of the master policy; they instead protest that the cost of their share was

simply high—a reality about which Defendants were warned shortly after their insurance policies

lapsed.  (*See, e.g.*, Letter to Pls. Clifford & Donna Marchion (Nov. 6, 2015), ECF No. 69-13

(cautioning that "[t]here are several disadvantages to you if we purchase insurance on your

property," such as that "[t]he cost of any insurance we purchase . . . is typically more expensive

then a policy you can obtain from your agent").)[5]

Second, Plaintiffs' allegations also implicate the nondiscrimination principle of the filed-

rate doctrine.  Plaintiffs seem to bootstrap their nondiscrimination argument to their

nonjusticiability argument insofar as they restate the same underlying rationale for denying the

instant Motions.  (*See* Pls.' Br. at 36 ("The[] resolution [of Plaintiffs' claims] will not result in

---

[5] Defendant Great American cites to this letter in its opening brief, referencing an exhibit from a
previous motion to dismiss.  (*See* Def. Great Am.'s Br. at 5 n.4, ECF No. 112-1.)  Although
courts are typically constrained to the four corners of a complaint at this stage, courts may also
consider materials that are "*integral to or explicitly relied* upon in the complaint."  *In re Asbestos
Prods. Liab. Litig.*, 822 F.3d 125, 133 & n.7 (3d Cir. 2016) (emphasis in original) (quoting *In re
Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997)).  Because Plaintiffs
identify and quote portions of this precise letter in the Amended Complaint (*see* Am. Compl. ¶
68), the Court may review it for purposes of these Motions.

[Defendant Nationstar] paying a lower rate than other similarly situated *lenders* because the master policy's commercial rates are not implicated." (emphasis in original)).)  But Plaintiffs, were they successful in this litigation, would pay less than other borrowers subject to force-placed insurance policies.  *Cf. Rothstein*, 794 F.3d at 236 ("While non-suing borrowers serviced by [the lender] would be billed at the filed [force-placed] rates, [p]laintiffs would enjoy the discount that [the insurer] allegedly provided to [the lender]").  Plaintiffs simply pay lip service to the contention that they "do not challenge [Defendant Nationstar]'s contractual right to obtain force-placed insurance" (Am. Compl. ¶¶ 8, 52).  "[Plaintiffs] cannot use litigation as a means to obtain preferential rates."  *Francese*, 2019 U.S. Dist. LEXIS 64929, at *12.  "[C]hallenges to filed rates are barred if allowing individual ratepayers to attack the filed rate would undermine the . . . scheme of uniform rate regulation."  *Rothstein*, 794 F.3d at 263 (internal quotation marks and citation omitted).  Accordingly, because Plaintiffs' allegations implicate both the nonjusticiability and nondiscrimination principles of the filed-rate doctrine, their claims are barred.

## **CONCLUSION**

For the foregoing reasons, Defendants' Motions to Dismiss are granted.  An appropriate Order will follow.

Date:  <u>August 15, 2019</u>                    <u>*/s/ Anne E. Thompson*      </u>
ANNE E. THOMPSON, U.S.D.J.

Exhibit B

CLOSED

# U.S. District Court
## District of New Jersey [LIVE] (Trenton)
## CIVIL DOCKET FOR CASE #: 3:17-cv-05839-AET-DEA

LEO et al v. NATIONSTAR MORTGAGE LLC et al
Assigned to: Judge Anne E. Thompson
Referred to: Magistrate Judge Douglas E. Arpert
Related Case: 3:16-cv-09245-BRM-DEA
Cause: 18:1962 Racketeering (RICO) Act

Date Filed: 08/07/2017
Date Terminated: 08/15/2019
Jury Demand: Plaintiff
Nature of Suit: 190 Contract: Other
Jurisdiction: Federal Question

**Plaintiff**

**EDWARD LEO**
*as executor of the Estate of Dawn L. Leo*

represented by **KYLE R. TOGNAN**
BATHGATE, WEGENER & WOLF, P.C.
ONE AIRPORT ROAD
LAKEWOOD, NJ 08701
732-363-0666
Email: ktognan@bathweg.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**JOSEPH G. SAUDER**
McCune Wright, LLP
555 Lancaster Ave
Berwyn, PA 19312
(610) 200-0580
Email: jgs@sstriallawyers.com
*ATTORNEY TO BE NOTICED*

**CHRISTOPHER BRENDAN HEALY**
BATHGATE WEGENER & WOLF PC
ONE AIRPORT ROAD
LAKEWOOD, NJ 08701
732-363-0666
Email: chealy@bathweg.com
*TERMINATED: 03/27/2018*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**CLIFFORD J MARCHION**

represented by **KYLE R. TOGNAN**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**JOSEPH G. SAUDER**
(See above for address)
*ATTORNEY TO BE NOTICED*

**CHRISTOPHER BRENDAN HEALY**
(See above for address)

*TERMINATED: 03/27/2018*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**DONNA MARCHION**                    represented by    **KYLE R. TOGNAN**
*on behalf of themselves and all others*                (See above for address)
*similarly situated.*                                   *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

                                                        **JOSEPH G. SAUDER**
                                                        (See above for address)
                                                        *ATTORNEY TO BE NOTICED*

                                                        **CHRISTOPHER BRENDAN HEALY**
                                                        (See above for address)
                                                        *TERMINATED: 03/27/2018*
                                                        *ATTORNEY TO BE NOTICED*

V.

**Defendant**

**NATIONSTAR MORTGAGE LLC OF**        represented by    **MATTHEW TRAVIS EYET**
**DELAWARE**                                            SANDELANDS EYET LLP
*doing business as*                                     1545 U.S. HIGHWAY 206
CHAMPION MORTGAGE COMPANY                               SUITE 304
                                                        BEDMINSTER, NJ 07921
                                                        908-470-1200
                                                        Email: meyet@sandelandslaw.com
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

**Defendant**

**GREAT AMERICAN ASSURANCE**          represented by    **KEVIN M. HAAS**
**COMPANY**                                             CLYDE & CO US LLP
                                                        200 CAMPUS DRIVE
                                                        SUITE 300
                                                        FLORHAM PARK, NJ 07932
                                                        973 210-6700
                                                        Fax: 973 210-6701
                                                        Email: kevin.haas@clydeco.us
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

                                                        **JOSEPH F FALGIANI**
                                                        BECKER LLC
                                                        354 EISENHOWER PARKWAY
                                                        SUITE 1500
                                                        LIVINGSTON, NJ 07039
                                                        973-251-8996
                                                        Fax: 973-422-9122
                                                        Email: jfalgiani@becker.legal
                                                        *TERMINATED: 01/09/2018*
                                                        *ATTORNEY TO BE NOTICED*

**Defendant**

**WILLIS OF OHIO, INC.**

*doing business as*

LOAN PROTECTOR INSURANCE
SERVICES

represented by    **EDWARD J. FANNING , JR.**
MCCARTER & ENGLISH, LLP
FOUR GATEWAY CENTER
100 MULBERRY STREET
PO BOX 652
NEWARK, NJ 07101-0652
(973) 622-4444
Email: efanning@mccarter.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**GREGORY JOSEPH HINDY**
MCCARTER & ENGLISH, LLP
FOUR GATEWAY CENTER
100 MULBERRY STREET
NEWARK, NJ 07102
(973) 622-4444
Email: ghindy@mccarter.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**ROBERT A. MINTZ**
MCCARTER & ENGLISH, LLP
FOUR GATEWAY CENTER
100 MULBERRY STREET
NEWARK, NJ 07101-0652
(973) 622-4444
Email: rmintz@mccarter.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**SCOTT M. WEINGART**
MCCARTER & ENGLISH, LLP
4 GATEWAY CENTER
100 MULBERRY ST.
NEWARK, NJ 07102
973-849-4005
Email: sweingart@mccarter.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**CHAMPION MORTGAGE COMPANY**

| Date Filed | # | Docket Text |
|------------|---|-------------|
| 08/07/2017 | [1](#) | COMPLAINT against All Defendants ( Filing and Admin fee $ 400 receipt number 0312-8011453) with JURY DEMAND, filed by EDWARD LEO, DONNA MARCHION, CLIFFORD J MARCHION. (Attachments: # [1](#) Exhibit Executor Short Cert., # [2](#) Exhibit Leo Mortgage, # [3](#) Exhibit Marchion Mortgage)(HEALY, CHRISTOPHER) (Entered: 08/07/2017) |
| 08/07/2017 | [2](#) | Exhibit to [1](#) Complaint, by EDWARD LEO, CLIFFORD J MARCHION, DONNA |

| | | |
|---|---|---|
| | | MARCHION. (HEALY, CHRISTOPHER) (Entered: 08/07/2017) |
| 08/07/2017 | | Judge Renee Marie Bumb and Magistrate Judge Karen M. Williams added. (dd, ) (Entered: 08/08/2017) |
| 08/08/2017 | 3 | SUMMONS ISSUED as to GREAT AMERICAN ASSURANCE COMPANY, NATIONSTAR MORTGAGE LLC OF DELAWARE, WILLIS OF OHIO, INC. Attached is the official court Summons, please fill out Defendant and Plaintiffs attorney information and serve. Issued By *JAIME KASSELMAN* (jbk, ) (Entered: 08/08/2017) |
| 08/08/2017 | | Notice of Judicial Preferences. Click here for the Judge's Individual Procedure Requirements. (jbk, ) (Entered: 08/08/2017) |
| 08/08/2017 | | CLERK'S QUALITY CONTROL MESSAGE - The case you electronically filed has been processed, however, the following deficiencies were found: Cause of Action,Jurisdiction,Nature of Suit,Party Information, In the future when choosing parties please choose each party individually. Do not select all plaintiffs or all defendant . The Clerk's Office has made the appropriate changes. Please refer to the Attorney Case Opening Guide for processing electronically filed cases. (jbk, ) (Entered: 08/08/2017) |
| 08/08/2017 | 4 | TEXT ORDER REALLOCATING AND REASSIGNING CASE. Case Number 1:17-cv-5839. Case reallocated to Trenton and reassigned to Judge Brian R. Martinotti and Magistrate Judge Douglas E. Arpert for all further proceedings. Judge Renee Marie Bumb, Magistrate Judge Karen M. Williams no longer assigned to case. So Ordered by Chief Judge Jose L. Linares on 8/8/2017. (jjc) (Entered: 08/08/2017) |
| 08/17/2017 | 5 | NOTICE of Appearance by JOSEPH G. SAUDER on behalf of EDWARD LEO, CLIFFORD J MARCHION, DONNA MARCHION (SAUDER, JOSEPH) (Entered: 08/17/2017) |
| 09/11/2017 | 6 | SUMMONS Returned Executed by EDWARD LEO, DONNA MARCHION, CLIFFORD J MARCHION. WILLIS OF OHIO, INC. served on 9/5/2017, answer due 9/26/2017. (HEALY, CHRISTOPHER) (Entered: 09/11/2017) |
| 09/11/2017 | 7 | SUMMONS Returned Executed by EDWARD LEO, DONNA MARCHION, CLIFFORD J MARCHION. NATIONSTAR MORTGAGE LLC OF DELAWARE served on 9/5/2017, answer due 9/26/2017. (HEALY, CHRISTOPHER) (Entered: 09/11/2017) |
| 09/11/2017 | 8 | Corporate Disclosure Statement by GREAT AMERICAN ASSURANCE COMPANY identifying Great American Insurance Company as Corporate Parent.. (TOWEY, ROBERT) (Entered: 09/11/2017) |
| 09/11/2017 | 9 | STIPULATION AND CONSENT ORDER by GREAT AMERICAN ASSURANCE COMPANY. (TOWEY, ROBERT) (Entered: 09/11/2017) |
| 09/12/2017 | 10 | STIPULATION AND CONSENT ORDER that Great American Assurance Company shall have until 10/23/2017 to answer or otherwise plead. Signed by Magistrate Judge Douglas E. Arpert on 9/12/2017. (mps) (Entered: 09/12/2017) |
| 09/13/2017 | 11 | NOTICE of Appearance by MATTHEW TRAVIS EYET on behalf of NATIONSTAR MORTGAGE LLC OF DELAWARE (Attachments: # 1 Certificate of Service)(EYET, MATTHEW) (Entered: 09/13/2017) |
| 09/13/2017 | 12 | Corporate Disclosure Statement by NATIONSTAR MORTGAGE LLC OF DELAWARE identifying Nationstar Mortgage Holdings, Inc. as Corporate Parent.. (EYET, MATTHEW) (Entered: 09/13/2017) |
| 09/13/2017 | 13 | APPLICATION/PETITION for Extension of Time Pursuant to Local Civil Rule 6.1(b) for by NATIONSTAR MORTGAGE LLC OF DELAWARE. (Attachments: # 1 Text of |

| | | Proposed Order, # 2 Certificate of Service)(EYET, MATTHEW) (Entered: 09/13/2017) |
|---|---|---|
| 09/13/2017 | | CLERK'S QUALITY CONTROL MESSAGE - The 13 Application for Clerk's Extension filed by Matthew Eyet, Esq. on 9/13/2017 was submitted incorrectly as an Application/Petition. PLEASE RESUBMIT using the event Application for Clerk Order to Ext Answer/Proposed Order found under Other Filings, Other Documents. This submission will remain on the docket unless otherwise ordered by the court. (mps) (Entered: 09/13/2017) |
| 09/13/2017 | 14 | Application and Proposed Order for Clerk's Order to extend time to answer as to Nationstar Mortgage LLC of Delaware d/b/a Champion Mortgage Company.. (Attachments: # 1 Text of Proposed Order, # 2 Certificate of Service)(EYET, MATTHEW) (Entered: 09/13/2017) |
| 09/14/2017 | | Clerk`s Text Order - The document 14 Application for Clerk's Order to Ext Answer/Proposed Order submitted by NATIONSTAR MORTGAGE LLC OF DELAWARE has been GRANTED. The answer due date has been set for 10/6/2017. (mps) (Entered: 09/14/2017) |
| 09/15/2017 | 15 | CERTIFICATE OF SERVICE by EDWARD LEO, CLIFFORD J MARCHION, DONNA MARCHION (HEALY, CHRISTOPHER) (Entered: 09/15/2017) |
| 09/19/2017 | 16 | MOTION for Leave to Appear Pro Hac Vice of Adam M. Moskowitz, Esq. by EDWARD LEO, CLIFFORD J MARCHION, DONNA MARCHION. (Attachments: # 1 Certification of Adam M. Moskowitz, Esq. in support of PHV, # 2 Certification of Christopher B. Healy, Esq. in support of PHV, # 3 Text of Proposed Order granting PHV to Adam M. Moskowitz, Esq.)(HEALY, CHRISTOPHER) (Entered: 09/19/2017) |
| 09/19/2017 | 17 | MOTION for Leave to Appear Pro Hac Vice of Robert J. Neary, Esq. by EDWARD LEO, CLIFFORD J MARCHION, DONNA MARCHION. (Attachments: # 1 Certification of Robert J. Neary, Esq. in support of PHV, # 2 Certification of Christopher B. Healy, Esq. in support of PHV admission of Robert J. Neary, Esq., # 3 Text of Proposed Order Granting PHV admission to Robert J. Neary, Esq.)(HEALY, CHRISTOPHER) (Entered: 09/19/2017) |
| 09/19/2017 | 18 | MOTION for Leave to Appear Pro Hac Vice of Rachel Sullivan, Esq. by All Plaintiffs. (Attachments: # 1 Certification of Rachel Sullivan, Esq. in support of PHV, # 2 Certification of Christopher B. Healy, Esq. in support of PHV admission of Rachel Sullivan, Esq., # 3 Text of Proposed Order granting PHV of Rachel Sullivan, Esq.) (HEALY, CHRISTOPHER) (Entered: 09/19/2017) |
| 09/20/2017 | | Set Deadlines as to 18 MOTION for Leave to Appear Pro Hac Vice of Rachel Sullivan, Esq., 16 MOTION for Leave to Appear Pro Hac Vice of Adam M. Moskowitz, Esq., 17 MOTION for Leave to Appear Pro Hac Vice of Robert J. Neary, Esq.. Motion set for 10/16/2017 before Magistrate Judge Douglas E. Arpert. Unless otherwise directed by the Court, this motion will be decided on the papers and no appearances are required. Note that this is an automatically generated message from the Clerk`s Office and does not supersede any previous or subsequent orders from the Court. (mps) (Entered: 09/20/2017) |
| 09/22/2017 | 19 | Application and Proposed Order for Clerk's Order to extend time to answer as to the Complaint.. (MINTZ, ROBERT) (Entered: 09/22/2017) |
| 09/22/2017 | 20 | MOTION for Leave to Appear Pro Hac Vice of Howard M. Bushman, Esq. by All Plaintiffs. (Attachments: # 1 Certification of Howard M. Bushman, Esq. in support of PHV admission, # 2 Certification of Christopher B. Healy, Esq. in support of PHV admission of Howard M. Bushman, # 3 Text of Proposed Order granting PHV admission to Howard M. Bushman, Esq.)(HEALY, CHRISTOPHER) (Entered: 09/22/2017) |

| 09/25/2017 | | Set Deadlines as to 20 MOTION for Leave to Appear Pro Hac Vice *of Howard M. Bushman, Esq.*. Motion set for 10/16/2017 before Magistrate Judge Lois H. Goodman. Unless otherwise directed by the Court, this motion will be decided on the papers and no appearances are required. Note that this is an automatically generated message from the Clerk`s Office and does not supersede any previous or subsequent orders from the Court. (mps) (Entered: 09/25/2017) |
|---|---|---|
| 09/25/2017 | | Clerk`s Text Order - The document 19 Application for Clerk's Order to Ext Answer/Proposed Order submitted by WILLIS OF OHIO, INC. has been GRANTED. The answer due date has been set for 10/6/2017. (mps) (Entered: 09/25/2017) |
| 09/28/2017 | 21 | NOTICE of Appearance by ROBERT A. MINTZ on behalf of WILLIS OF OHIO, INC. (MINTZ, ROBERT) (Entered: 09/28/2017) |
| 09/28/2017 | 22 | NOTICE of Appearance by GREGORY JOSEPH HINDY on behalf of WILLIS OF OHIO, INC. (HINDY, GREGORY) (Entered: 09/28/2017) |
| 09/28/2017 | 23 | NOTICE of Appearance by EDWARD J. FANNING, JR on behalf of WILLIS OF OHIO, INC. (FANNING, EDWARD) (Entered: 09/28/2017) |
| 09/28/2017 | 24 | STIPULATION re 1 Complaint, *Stipulation and Consent Order Extending Time to Answer or Otherwise Move to and including October 23, 2017* by WILLIS OF OHIO, INC.. (HINDY, GREGORY) (Entered: 09/28/2017) |
| 09/29/2017 | 25 | STIPULATION AND ORDER that the time for Defendant Willis of Ohio's time to answer, move, or otherwise respond to Complaint is extended to 10/23/2017. Signed by Magistrate Judge Douglas E. Arpert on 9/29/2017. (km) (Entered: 09/29/2017) |
| 10/02/2017 | 26 | NOTICE of Appearance by JOSEPH F FALGIANI on behalf of GREAT AMERICAN ASSURANCE COMPANY (FALGIANI, JOSEPH) (Entered: 10/02/2017) |
| 10/02/2017 | 27 | MOTION for Leave to Appear Pro Hac Vice by GREAT AMERICAN ASSURANCE COMPANY. (Attachments: # 1 Certification Towey Cert in Support, # 2 Certification Gebhard Cert in Support, # 3 Certification Potente Cert in Support, # 4 Certification Celebreze Cert in Support, # 5 Text of Proposed Order Form of Order for Gebhard, # 6 Text of Proposed Order Form of Order for Potente, # 7 Text of Proposed Order Form of Order for Celebrezze)(FALGIANI, JOSEPH) (Entered: 10/02/2017) |
| 10/03/2017 | | Set Deadlines as to 27 MOTION for Leave to Appear Pro Hac Vice . Motion set for 11/6/2017 before Magistrate Judge Douglas E. Arpert. Unless otherwise directed by the Court, this motion will be decided on the papers and no appearances are required. Note that this is an automatically generated message from the Clerk`s Office and does not supersede any previous or subsequent orders from the Court. (mps) (Entered: 10/03/2017) |
| 10/03/2017 | | CLERK'S QUALITY CONTROL MESSAGE - The Certifications of Robert S. Gebhard, Alexander E. Potente, and Bruce D. Celebrezze submitted with the 27 Motion for Pro hac by Joseph Falgiani on 10/2/2017 contains improper signatures. Only Registered Users are permitted to sign electronically filed documents with an s/. PLEASE RESUBMIT THE DOCUMENT CERTIFICATIONS ONLY with a proper SCANNED SIGNATURE. These submissions will remain on the docket unless otherwise ordered by the court. (mps) (Entered: 10/03/2017) |
| 10/03/2017 | | CLERK'S QUALITY CONTROL MESSAGE - The 26 Notice of Appearance submitted by Joseph Falgiani on 10/2/2017 is not filled out. PLEASE RESUBMIT THE DOCUMENT. (mps) (Entered: 10/03/2017) |
| 10/04/2017 | 28 | NOTICE of Appearance by JOSEPH F FALGIANI on behalf of GREAT AMERICAN ASSURANCE COMPANY (FALGIANI, JOSEPH) (Entered: 10/04/2017) |

| 10/04/2017 | 29 | STIPULATION re 1 Complaint, *to Extend Time to Answer or Otherwise Move* by NATIONSTAR MORTGAGE LLC OF DELAWARE. (EYET, MATTHEW) (Entered: 10/04/2017) |
|---|---|---|
| 10/04/2017 | 30 | Certification on behalf of GREAT AMERICAN ASSURANCE COMPANY Re 27 Motion for Leave to Appear Pro Hac Vice,. (FALGIANI, JOSEPH) (Entered: 10/04/2017) |
| 10/04/2017 | 31 | Certification on behalf of GREAT AMERICAN ASSURANCE COMPANY Re 18 Motion for Leave to Appear Pro Hac Vice,. (FALGIANI, JOSEPH) (Entered: 10/04/2017) |
| 10/04/2017 | 32 | Certification on behalf of GREAT AMERICAN ASSURANCE COMPANY Re 27 Motion for Leave to Appear Pro Hac Vice,. (FALGIANI, JOSEPH) (Entered: 10/04/2017) |
| 10/05/2017 | 33 | ORDER granting 16 , 17 and 18 Motions for Leave to Appear Pro Hac Vice as to Adam M. Moskowitz, Esq., Robert J. Neary, Esq., and Rachel Sullivan, Esq. Signed by Magistrate Judge Douglas E. Arpert on 10/5/2017. (mps) (Entered: 10/06/2017) |
| 10/06/2017 | 34 | ORDER granting 20 Motion for Leave to Appear Pro Hac Vice as to Howard M. Bushman, Esq.. Signed by Magistrate Judge Douglas E. Arpert on 10/5/2017. (mps) (Entered: 10/06/2017) |
| 10/16/2017 | | Pro Hac Vice fee of $600 received as to Adam M. Moskowitz, Esq., Robert J. Neary, Esq., and Rachel Sullivan, Esq., and Howard M. Bushman, Esq., receipt number TRE085089 (mps) (Entered: 10/16/2017) |
| 10/17/2017 | 35 | AMENDED DOCUMENT by EDWARD LEO, CLIFFORD J MARCHION, DONNA MARCHION. *Amended Certification of Adam M. Moskowitz, Esq. in support of PHV admission*. (HEALY, CHRISTOPHER) (Entered: 10/17/2017) |
| 10/17/2017 | 36 | AMENDED DOCUMENT by EDWARD LEO, CLIFFORD J MARCHION, DONNA MARCHION. *Amended Certification of Rachel Sullivan, Esq. in support of PHV admission*. (HEALY, CHRISTOPHER) (Entered: 10/17/2017) |
| 10/17/2017 | 37 | AMENDED DOCUMENT by EDWARD LEO, CLIFFORD J MARCHION, DONNA MARCHION. *Amended Certification of Robert J. Neary, Esq. in support of PHV admission*. (HEALY, CHRISTOPHER) (Entered: 10/17/2017) |
| 10/18/2017 | 38 | APPLICATION/PETITION for by GREAT AMERICAN ASSURANCE COMPANY. (FALGIANI, JOSEPH) (Entered: 10/18/2017) |
| 10/19/2017 | 39 | STIPULATION AND CONSENT ORDER that Defendants shall have until 11/20/2017 to answer or respond to the complaint. Signed by Magistrate Judge Douglas E. Arpert on 10/19/2017. (mps) (Entered: 10/19/2017) |
| 11/03/2017 | 40 | ORDER granting leave to appear pro hac vice as to Robert S. Gebhard. Signed by Magistrate Judge Douglas E. Arpert on 11/3/2017. (mps) (Entered: 11/03/2017) |
| 11/03/2017 | 41 | ORDER granting leave to appear pro hac vice as to Bruce Celebrezze. Signed by Magistrate Judge Douglas E. Arpert on 11/3/2017. (mps) (Entered: 11/03/2017) |
| 11/03/2017 | 42 | ORDER granting leave to appear pro hac vice as to Alexander Potente. Signed by Magistrate Judge Douglas E. Arpert on 11/3/2017. (mps) (Entered: 11/03/2017) |
| 11/07/2017 | 43 | Notice of Request by Pro Hac Vice Adam M. Moskowitz, Esq. to receive Notices of Electronic Filings. (HEALY, CHRISTOPHER) (Entered: 11/07/2017) |
| 11/07/2017 | 44 | Notice of Request by Pro Hac Vice Howard Bushman, Esq. to receive Notices of |

| | | Electronic Filings. (HEALY, CHRISTOPHER) (Entered: 11/07/2017) |
|---|---|---|
| 11/07/2017 | 45 | Notice of Request by Pro Hac Vice Robert Neary, Esq. to receive Notices of Electronic Filings. (HEALY, CHRISTOPHER) (Entered: 11/07/2017) |
| 11/07/2017 | 46 | Notice of Request by Pro Hac Vice Rachel Sullivan, Esq. to receive Notices of Electronic Filings. (HEALY, CHRISTOPHER) (Entered: 11/07/2017) |
| 11/07/2017 | | Pro Hac Vice counsel, ADAM M. MOSKOWITZ, HOWARD M. BUSHMAN, ROBERT J. NEARY and RACHEL SULLIVAN, has been added to receive Notices of Electronic Filing. Pursuant to L.Civ.R. 101.1, only local counsel are entitled to sign and file papers, enter appearances and receive payments on judgments, decrees or orders. (mps) (Entered: 11/07/2017) |
| 11/14/2017 | 47 | NOTICE of Appearance by JOSEPH F FALGIANI on behalf of GREAT AMERICAN ASSURANCE COMPANY (FALGIANI, JOSEPH) (Entered: 11/14/2017) |
| 11/17/2017 | 48 | STIPULATION *FOR EXCHANGE OF DOCUMENTS, FURTHER EXTENSION TO RESPOND TO COMPLAINT AND OTHER RELIEF* by GREAT AMERICAN ASSURANCE COMPANY. (TOWEY, ROBERT) (Entered: 11/17/2017) |
| 11/17/2017 | | Pro Hac Vice fee of $450 received as to Robert S. Gebhard, Esq., Bruce Celebrezze, Esq. and Alexander Potente, Esq., receipt number TRE086209 (mps) (Entered: 11/20/2017) |
| 11/20/2017 | 49 | STIPULATION AND ORDER for the exchange of documents, further extension to respond to complaint and other relief. Signed by Magistrate Judge Douglas E. Arpert on 11/20/2017. (mmh) (Entered: 11/20/2017) |
| 11/20/2017 | 50 | APPLICATION/PETITION for by GREAT AMERICAN ASSURANCE COMPANY. (FALGIANI, JOSEPH) (Entered: 11/20/2017) |
| 11/21/2017 | | CLERK'S QUALITY CONTROL MESSAGE - The 50 Notice for Pro Hac Vice Counsel to receive electronic notification filed by Joseph Falgiani on 11/20/2017 was submitted incorrectly as an Application/Petition. PLEASE RESUBMIT USING the event Notice of Pro Hac Vice to Receive NEF found under Other Filings, Notices. This submission will remain on the docket unless otherwise ordered by the court. (mps) (Entered: 11/21/2017) |
| 11/21/2017 | 51 | Notice of Request by Pro Hac Vice bruce celebrezze to receive Notices of Electronic Filings. (FALGIANI, JOSEPH) (Entered: 11/21/2017) |
| 11/21/2017 | 52 | Notice of Request by Pro Hac Vice Robert Gebhard to receive Notices of Electronic Filings. (FALGIANI, JOSEPH) (Entered: 11/21/2017) |
| 11/21/2017 | 53 | Notice of Request by Pro Hac Vice Alexander Potente to receive Notices of Electronic Filings. (FALGIANI, JOSEPH) (Entered: 11/21/2017) |
| 11/21/2017 | | Pro Hac Vice counsel, BRUCE CELEBREZZE, ROBERT GEBHARD and ALEXANDER POTENTE, has been added to receive Notices of Electronic Filing. Pursuant to L.Civ.R. 101.1, only local counsel are entitled to sign and file papers, enter appearances and receive payments on judgments, decrees or orders. (mps) (Entered: 11/21/2017) |
| 11/30/2017 | 54 | MOTION for Leave to Appear Pro Hac Vice *of Erik Kemp, Esq.* by NATIONSTAR MORTGAGE LLC OF DELAWARE. (Attachments: # 1 Certification of Erik Kemp, Esq. in Support of Admission Pro Hac Vice, # 2 Certification of Matthew T. Eyet, Esq. in Support of Pro Hac Vice Admission of Erik Kemp, Esq., # 3 Certificate of Service, # 4 Text of Proposed Order)(EYET, MATTHEW) (Entered: 11/30/2017) |
| 12/01/2017 | | Set Deadlines as to 54 MOTION for Leave to Appear Pro Hac Vice *of Erik Kemp, Esq.*. Motion set for 1/2/2018 before Magistrate Judge Douglas E. Arpert. Unless otherwise |

| | | directed by the Court, this motion will be decided on the papers and no appearances are required. Note that this is an automatically generated message from the Clerk`s Office and does not supersede any previous or subsequent orders from the Court. (mps) (Entered: 12/01/2017) |
|---|---|---|
| 01/05/2018 | 55 | ORDER granting 54 Motion for Leave to Appear Pro Hac Vice as to Erik Kemp, Esq. Signed by Magistrate Judge Douglas E. Arpert on 1/5/2018. (mps) (Entered: 01/05/2018) |
| 01/09/2018 | 56 | Substitution of Attorney - Attorney JOSEPH F FALGIANI terminated. Attorney KEVIN M. HAAS for GREAT AMERICAN ASSURANCE COMPANY added.. (HAAS, KEVIN) (Entered: 01/09/2018) |
| 01/12/2018 | | Pro Hac Vice fee of $150 received as to Erik Kemp, Esq., receipt number TRE087837 (mps) (Entered: 01/12/2018) |
| 01/19/2018 | 57 | Letter from Christopher B. Healy, Esq.. (HEALY, CHRISTOPHER) (Entered: 01/19/2018) |
| 01/19/2018 | 58 | AMENDED COMPLAINT against GREAT AMERICAN ASSURANCE COMPANY, NATIONSTAR MORTGAGE LLC OF DELAWARE, WILLIS OF OHIO, INC., CHAMPION MORTGAGE COMPANY, filed by DONNA MARCHION, CLIFFORD J MARCHION, EDWARD LEO.(HEALY, CHRISTOPHER) (Entered: 01/19/2018) |
| 01/22/2018 | 59 | Notice of Request by Pro Hac Vice Erik Kemp, Esq. to receive Notices of Electronic Filings. (EYET, MATTHEW) (Entered: 01/22/2018) |
| 01/22/2018 | | Pro Hac Vice counsel, ERIK KEMP, has been added to receive Notices of Electronic Filing. Pursuant to L.Civ.R. 101.1, only local counsel are entitled to sign and file papers, enter appearances and receive payments on judgments, decrees or orders. (mps) (Entered: 01/22/2018) |
| 01/24/2018 | 60 | Notice of Request by Pro Hac Vice Bruce D. Celebrezze to receive Notices of Electronic Filings. ( Pro Hac Vice fee $ 150 receipt number 0312-8423048.) (HAAS, KEVIN) (Entered: 01/24/2018) |
| 01/24/2018 | 61 | Notice of Request by Pro Hac Vice Alexander E. Potente to receive Notices of Electronic Filings. ( Pro Hac Vice fee $ 150 receipt number 0312-8423089.) (HAAS, KEVIN) (Entered: 01/24/2018) |
| 01/24/2018 | | Pro Hac Vice counsel, BRUCE D. CELEBREZZE and ALEXANDER POTENTE, has been added to receive Notices of Electronic Filing. Pursuant to L.Civ.R. 101.1, only local counsel are entitled to sign and file papers, enter appearances and receive payments on judgments, decrees or orders. (mps) (Entered: 01/24/2018) |
| 01/25/2018 | 62 | Substitution of Attorney -. (HEALY, CHRISTOPHER) (Entered: 01/25/2018) |
| 01/30/2018 | 63 | Joint Discovery Plan by GREAT AMERICAN ASSURANCE COMPANY. (Attachments: # 1 Certification Certification of Kevin M. Haas)(HAAS, KEVIN) (Entered: 01/30/2018) |
| 02/01/2018 | 64 | STIPULATION AND DISCOVERY CONFIDENTIALITY ORDER. Signed by Magistrate Judge Douglas E. Arpert on 1/31/2018. (mps) (Entered: 02/01/2018) |
| 02/20/2018 | 65 | MOTION to Dismiss *Amended Complaint of Plaintiffs With Prejudice* by NATIONSTAR MORTGAGE LLC OF DELAWARE. Responses due by 3/5/2018 (Attachments: # 1 Brief, # 2 Text of Proposed Order, # 3 Certificate of Service)(EYET, MATTHEW) (Entered: 02/20/2018) |
| 02/20/2018 | | Set Deadlines as to 65 MOTION to Dismiss *Amended Complaint of Plaintiffs With Prejudice*. Motion set for 3/19/2018 before Judge Brian R. Martinotti. Unless otherwise |

| | | directed by the Court, this motion will be decided on the papers and no appearances are required. Note that this is an automatically generated message from the Clerk`s Office and does not supersede any previous or subsequent orders from the Court. (mps) (Entered: 02/20/2018) |
|---|---|---|
| 02/20/2018 | 66 | NOTICE of Appearance by SCOTT M. WEINGART on behalf of WILLIS OF OHIO, INC. (WEINGART, SCOTT) (Entered: 02/20/2018) |
| 02/20/2018 | 67 | Corporate Disclosure Statement by WILLIS OF OHIO, INC. identifying Willis of Michigan, Inc. as Corporate Parent.. (MINTZ, ROBERT) (Entered: 02/20/2018) |
| 02/20/2018 | 68 | MOTION to Dismiss *Amended Complaint of Plaintiffs* by GREAT AMERICAN ASSURANCE COMPANY. Responses due by 3/5/2018 (Attachments: # 1 Brief, # 2 Declaration of Patrick Sinnard, # 3 Supplement Request for Judicial Notice, # 4 Text of Proposed Order, # 5 Certificate of Service)(HAAS, KEVIN) (Entered: 02/20/2018) |
| 02/20/2018 | 69 | MOTION to Dismiss *First Amended Complaint* by WILLIS OF OHIO, INC.. Responses due by 3/5/2018 (Attachments: # 1 Brief in Support of Motion to Dismiss, # 2 Text of Proposed Order, # 3 Certification of Robert A Mintz, # 4 Exhibit 1, # 5 Exhibit 2, # 6 Exhibit 3, # 7 Exhibit 4, # 8 Exhibit 5, # 9 Exhibit 6, # 10 Exhibit 7, # 11 Exhibit 8, # 12 Exhibit 9, # 13 Exhibit 10, # 14 Exhibit 11, # 15 Exhibit 12, # 16 Exhibit 13, # 17 Exhibit 14, # 18 Certificate of Service)(MINTZ, ROBERT) (Entered: 02/20/2018) |
| 02/21/2018 | | Set Deadlines as to 69 MOTION to Dismiss *First Amended Complaint*, 68 MOTION to Dismiss *Amended Complaint of Plaintiffs*. Motion set for 3/19/2018 before Judge Brian R. Martinotti. Unless otherwise directed by the Court, this motion will be decided on the papers and no appearances are required. Note that this is an automatically generated message from the Clerk`s Office and does not supersede any previous or subsequent orders from the Court. (mps) (Entered: 02/21/2018) |
| 02/28/2018 | 70 | Rule 7.1(d)(5) Letter for an automatic extension of the return date of a dispositive motion re 68 MOTION to Dismiss *Amended Complaint of Plaintiffs*, 65 MOTION to Dismiss *Amended Complaint of Plaintiffs With Prejudice*, 69 MOTION to Dismiss *First Amended Complaint* . (HEALY, CHRISTOPHER) (Entered: 02/28/2018) |
| 03/01/2018 | | Reset Deadlines as to 69 MOTION to Dismiss *First Amended Complaint*, 68 MOTION to Dismiss *Amended Complaint of Plaintiffs*, 65 MOTION to Dismiss *Amended Complaint of Plaintiffs With Prejudice*. Motion reset for 4/2/2018 before Judge Brian R. Martinotti. Unless otherwise directed by the Court, this motion will be decided on the papers and no appearances are required. Note that this is an automatically generated message from the Clerk`s Office and does not supersede any previous or subsequent orders from the Court. (mps) (Entered: 03/01/2018) |
| 03/06/2018 | 71 | STIPULATION *and Proposed Order Regarding Briefing Schedule for Motions to Dismiss* by GREAT AMERICAN ASSURANCE COMPANY. (HAAS, KEVIN) (Entered: 03/06/2018) |
| 03/22/2018 | 72 | STIPULATION AND ORDER that Plaintiff's opposition to Defendants' motions to dismiss shall be due on 4/9/2018. Defendants' reply briefs shall be due on 5/14/2018. The motion return date shall be 5/21/2018. Signed by Judge Brian R. Martinotti on 3/16/2018. (mps) (Entered: 03/22/2018) |
| 03/27/2018 | 73 | Substitution of Attorney - Attorney CHRISTOPHER BRENDAN HEALY terminated. Attorney KYLE R. TOGNAN for EDWARD LEO,KYLE R. TOGNAN for CLIFFORD J MARCHION,KYLE R. TOGNAN for DONNA MARCHION added.. (HEALY, CHRISTOPHER) (Entered: 03/27/2018) |
| 04/06/2018 | 74 | Letter from Kyle R. Tognan. (TOGNAN, KYLE) (Entered: 04/06/2018) |

| 04/09/2018 | 75 | LETTER ORDER that Plaintiffs are granted leave to file a consolidated response to the 65 , 68 , and 69 Motions to Dismiss. Signed by Judge Brian R. Martinotti on 4/9/2018. (mps) (Entered: 04/09/2018) |
|---|---|---|
| 04/09/2018 | 76 | BRIEF in Opposition filed by All Plaintiffs re 68 MOTION to Dismiss *Amended Complaint of Plaintiffs*, 65 MOTION to Dismiss *Amended Complaint of Plaintiffs With Prejudice*, 69 MOTION to Dismiss *First Amended Complaint* (TOGNAN, KYLE) (Entered: 04/09/2018) |
| 04/27/2018 | 77 | ORDER that Mr. Gebhard is granted leave to withdraw as pro hac vice counsel for Great American Company. Signed by Magistrate Judge Douglas E. Arpert on 4/26/2018. (mps) (Entered: 04/27/2018) |
| 05/09/2018 | 78 | MOTION for Leave to Appear Pro Hac Vice *of Lance A. Harke* by All Plaintiffs. (TOGNAN, KYLE) (Entered: 05/09/2018) |
| 05/09/2018 | | Set Deadlines as to 78 MOTION for Leave to Appear Pro Hac Vice *of Lance A. Harke*. Motion set for 6/4/2018 before Magistrate Judge Douglas E. Arpert. Unless otherwise directed by the Court, this motion will be decided on the papers and no appearances are required. Note that this is an automatically generated message from the Clerk`s Office and does not supersede any previous or subsequent orders from the Court. (mps) (Entered: 05/09/2018) |
| 05/10/2018 | 79 | RESPONSE to Motion filed by GREAT AMERICAN ASSURANCE COMPANY re 78 MOTION for Leave to Appear Pro Hac Vice *of Lance A. Harke Non-Opposition* (HAAS, KEVIN) (Entered: 05/10/2018) |
| 05/10/2018 | 80 | MOTION for Leave to Appear Pro Hac Vice *of Joseph M. Kaye* by All Plaintiffs. (TOGNAN, KYLE) (Entered: 05/10/2018) |
| 05/11/2018 | | Set Deadlines as to 80 MOTION for Leave to Appear Pro Hac Vice *of Joseph M. Kaye*. Motion set for 6/4/2018 before Magistrate Judge Douglas E. Arpert. Unless otherwise directed by the Court, this motion will be decided on the papers and no appearances are required. Note that this is an automatically generated message from the Clerk`s Office and does not supersede any previous or subsequent orders from the Court. (mps) (Entered: 05/11/2018) |
| 05/11/2018 | 81 | MOTION for Leave to File Excess Pages *for Reply Brief due May 14, 2018* by NATIONSTAR MORTGAGE LLC OF DELAWARE. (Attachments: # 1 Text of Proposed Order, # 2 Certificate of Service)(EYET, MATTHEW) (Entered: 05/11/2018) |
| 05/14/2018 | | Set Deadlines as to 81 MOTION for Leave to File Excess Pages *for Reply Brief due May 14, 2018*. Motion set for 6/4/2018 before Magistrate Judge Douglas E. Arpert. Unless otherwise directed by the Court, this motion will be decided on the papers and no appearances are required. Note that this is an automatically generated message from the Clerk`s Office and does not supersede any previous or subsequent orders from the Court. (mps) (Entered: 05/14/2018) |
| 05/14/2018 | 82 | BRIEF in Support filed by WILLIS OF OHIO, INC. re 69 MOTION to Dismiss *First Amended Complaint* (Attachments: # 1 Certification)(MINTZ, ROBERT) (Entered: 05/14/2018) |
| 05/14/2018 | 83 | REPLY BRIEF to Opposition to Motion filed by GREAT AMERICAN ASSURANCE COMPANY re 68 MOTION to Dismiss *Amended Complaint of Plaintiffs* (HAAS, KEVIN) (Entered: 05/14/2018) |
| 05/14/2018 | 84 | RESPONSE in Support filed by GREAT AMERICAN ASSURANCE COMPANY re 68 MOTION to Dismiss *Amended Complaint of Plaintiffs (AS AMENDED)* (HAAS, KEVIN) (Entered: 05/14/2018) |

| 05/14/2018 | 85 | REPLY to Response to Motion filed by CHAMPION MORTGAGE COMPANY, NATIONSTAR MORTGAGE LLC OF DELAWARE re 65 MOTION to Dismiss *Amended Complaint of Plaintiffs With Prejudice* (EYET, MATTHEW) (Entered: 05/14/2018) |
| --- | --- | --- |
| 05/16/2018 | 86 | ORDER granting 81 Motion for Leave to File Excess Pages. Nationstar is permitted to file excess pages in its reply brief for Nationstar's pending Motion to Dismiss. Accepted as filed on 5/14/2018. Signed by Judge Brian R. Martinotti on 5/16/2018. (mps) (Entered: 05/16/2018) |
| 05/30/2018 | | ATTENTION COUNSEL: In-Person Status Conference set for 8/29/2018 at 10:00 AM in Trenton - Courtroom 1 before Judge Brian R. Martinotti. Lead counsel must be present and clients may be available by telephone. Please confirm receipt of court notice by letter (e-file) not later than 5/31/2018. (DS) (Entered: 05/30/2018) |
| 05/31/2018 | 87 | Letter from Matthew T. Eyet, Esq.. (EYET, MATTHEW) (Entered: 05/31/2018) |
| 05/31/2018 | 88 | Letter from Clyde & Co US LLP. (HAAS, KEVIN) (Entered: 05/31/2018) |
| 05/31/2018 | 89 | Letter from Robert A. Mintz, Esq., counsel for Defendant Willis of Ohio. (MINTZ, ROBERT) (Entered: 05/31/2018) |
| 06/01/2018 | 90 | ORDER granting 78 Motion for Leave to Appear Pro Hac Vice as to Lance A. Harke, Esq. Signed by Magistrate Judge Douglas E. Arpert on 5/30/2018. (mps) (Entered: 06/01/2018) |
| 06/01/2018 | 91 | ORDER granting 80 Motion for Leave to Appear Pro Hac Vice as to Joseph M. Kaye, Esq. Signed by Magistrate Judge Douglas E. Arpert on 5/30/2018. (mps) (Entered: 06/01/2018) |
| 06/01/2018 | 92 | TEXT ORDER administratively terminating 65 Motion to Dismiss; 68 Motion to Dismiss; and 69 Motion to Dismiss pending scheduled status conference set for 8/29/2018. Signed by Judge Brian R. Martinotti on 6/1/2018. (DS) (Entered: 06/01/2018) |
| 08/28/2018 | 93 | TEXT ORDER - Each party to this action shall submit, via email to Chambers_of_Judge_Brian_Martinotti@njd.uscourts.gov, a one-page, single-spaced confidential position paper/status report setting forth their position and the status of any settlement negotiations by no later than 4:00 p.m. today, August 28, in preparation for tomorrow's in-person status conference. So Ordered by Judge Brian R. Martinotti on 8/28/18. (Fiore, J) (Entered: 08/28/2018) |
| 08/29/2018 | 94 | Minute Entry for proceedings held before Judge Brian R. Martinotti: Case Management/Status Conference held on 8/29/2018. Conference continued to 11/28/2018 at 12:00 PM in Trenton - Courtroom 1 before Judge Brian R. Martinotti. Ordered parties to participate in mediation. Further ordered case stayed for an additional 90 days. (Court Reporter: Megan McKay-Soule.) (DS) (Entered: 08/29/2018) |
| 11/15/2018 | | CLERK'S NOTICE: Case management conference set for 11/28/2018 at 12pm will remain in effect to the following docket numbers only: 17-6675 & 17-5839. (DS) (Entered: 11/15/2018) |
| 11/21/2018 | 95 | Letter from Matthew T. Eyet, Esq.. (EYET, MATTHEW) (Entered: 11/21/2018) |
| 11/23/2018 | 96 | TEXT ORDER re 95 Letter request for pro hac vice counsel to be available by telephone is Granted. So Ordered by Judge Brian R. Martinotti on 11/21/2018. (DS) (Entered: 11/23/2018) |
| 11/28/2018 | 97 | Minute Entry for proceedings held before Judge Brian R. Martinotti: Settlement Conference held on 11/28/2018. Parties directed to meet and confer then report back to |

| | | the court with case status not later than 12/4/2018. Ordered telephone conference set for 12/4/2018 at 10:30 AM before Judge Brian R. Martinotti; plaintiff to initiate call then contact chambers with all parties present. (Court Reporter: Not on the record.) (DS) (Entered: 11/29/2018) |
|---|---|---|
| 12/04/2018 | 98 | Minute Entry for proceedings held before Judge Brian R. Martinotti: Telephone Conference held on 12/4/2018. Ordered case administratively terminated without prejudice; order to follow. (Court Reporter: Not on the record.) (DS) (Entered: 12/04/2018) |
| 12/04/2018 | 99 | ORDER Administratively Terminating Action without prejudice. Signed by Judge Brian R. Martinotti on 12/4/2018. (km) (Entered: 12/04/2018) |
| 01/09/2019 | 100 | Letter from Adam Moskowitz. (Attachments: # 1 Exhibit Exhibit A to Letter, # 2 Exhibit Exhibit B to Letter)(TOGNAN, KYLE) (Entered: 01/09/2019) |
| 01/10/2019 | | Notice of Hearing: Telephone Conference set for 1/14/2019 at 10:00 a.m. before Judge Brian R. Martinotti. Plaintiff to initiate call then contact chambers with parties present. Please confirm receipt of court notice by letter (e-file) not later than 1/11/2019 by 12pm. (DS) (Entered: 01/10/2019) |
| 01/11/2019 | 101 | Letter from Robert A. Mintz. (MINTZ, ROBERT) (Entered: 01/11/2019) |
| 01/11/2019 | 102 | Letter from Matthew T. Eyet, Esq. re Set/Reset Hearings,. (EYET, MATTHEW) (Entered: 01/11/2019) |
| 01/11/2019 | 103 | Letter from Adam Moskowitz. (TOGNAN, KYLE) (Entered: 01/11/2019) |
| 01/11/2019 | 104 | Letter from Kevin Haas. (HAAS, KEVIN) (Entered: 01/11/2019) |
| 01/11/2019 | 105 | Letter from Robert A. Mintz in Response to Mr. Moskowitz's Letter to the Court Dated January 9, 2019. (MINTZ, ROBERT) (Entered: 01/11/2019) |
| 01/14/2019 | 106 | TEXT ORDER - Parties shall meet and confer to resolve damages and scope of discovery and shall report back to the Court in one week. In the interim, Defendants may file revised motion to dismiss, which will be set for a regular motion date. So Ordered by Judge Brian R. Martinotti on 1/14/19. (Fiore, J) (Entered: 01/14/2019) |
| 01/14/2019 | 107 | Minute Entry for proceedings held before Judge Brian R. Martinotti: Telephone Conference held on 1/14/2019. (Court Reporter: Not on the record.) (DS) (Entered: 01/15/2019) |
| 01/22/2019 | 108 | Letter from Robert A. Mintz. (MINTZ, ROBERT) (Entered: 01/22/2019) |
| 01/23/2019 | 109 | Letter from Adam Moskowitz. (TOGNAN, KYLE) (Entered: 01/23/2019) |
| 01/23/2019 | 110 | CHAMBERS NOTE: Defendants will file their revised motions to dismiss in accordance with the 106 Order; So Noted by Judge Brian R. Martinotti on 1/23/2019 (mps) (Entered: 01/23/2019) |
| 02/08/2019 | 111 | MOTION to Dismiss *with prejudice* by NATIONSTAR MORTGAGE LLC OF DELAWARE. Responses due by 2/19/2019 (Attachments: # 1 Brief, # 2 Text of Proposed Order, # 3 Certificate of Service)(EYET, MATTHEW) (Entered: 02/08/2019) |
| 02/08/2019 | 112 | Amended MOTION to Dismiss by GREAT AMERICAN ASSURANCE COMPANY. (Attachments: # 1 Brief Revised Memo In Support of Motion to Dismiss, # 2 Declaration Declaration of P. Sinnard, # 3 Exhibit Declaration Exhibit A, # 4 Exhibit Declaration Exhibit B, # 5 Exhibit Declaration Exhibit C, # 6 Declaration Declaration Exhibit D, # 7 Text of Proposed Order Proposed Order, # 8 Supplement Request for Judicial Notice, # 9 Certificate of Service)(HAAS, KEVIN) (Entered: 02/08/2019) |

| 02/08/2019 | [113](#) | MOTION to Dismiss *Amended Complaint* by WILLIS OF OHIO, INC.. Responses due by 2/19/2019 (Attachments: # [1](#) Brief, # [2](#) Text of Proposed Order, # [3](#) Certification of Robert Mintz, # [4](#) Exhibit 1, # [5](#) Exhibit 2, # [6](#) Exhibit 3, # [7](#) Exhibit 4, # [8](#) Exhibit 5, # [9](#) Exhibit 6, # [10](#) Exhibit 7, # [11](#) Exhibit 8, # [12](#) Exhibit 9, # [13](#) Exhibit 10, # [14](#) Exhibit 11, # [15](#) Exhibit 12, # [16](#) Exhibit 13, # [17](#) Exhibit 14, # [18](#) Certificate of Service)(MINTZ, ROBERT) (Entered: 02/08/2019) |
| --- | --- | --- |
| 02/11/2019 | | Set Deadlines as to [113](#) MOTION to Dismiss *Amended Complaint*, [112](#) Amended MOTION to Dismiss , [111](#) MOTION to Dismiss *with prejudice*. Motions set for 3/4/2019 before Judge Brian R. Martinotti. Unless otherwise directed by the Court, these motions will be decided on the papers and no appearances are required. Note that this is an automatically generated message from the Clerk`s Office and does not supersede any previous or subsequent orders from the Court. (mps) (Entered: 02/11/2019) |
| 02/19/2019 | [114](#) | Letter from Kyle R. Tognan. (TOGNAN, KYLE) (Entered: 02/19/2019) |
| 02/19/2019 | [115](#) | STIPULATION *for Extension of Time and Briefing Schedule* by EDWARD LEO, CLIFFORD J MARCHION, DONNA MARCHION. (TOGNAN, KYLE) (Entered: 02/19/2019) |
| 02/19/2019 | [116](#) | STIPULATION AND ORDER that Plaintiff's Opposition to Defendants' Motions to Dismiss shall be due 3/11/2019. Defendants' reply briefs shall be due on 3/25/2019. The Motion return date shall be 4/1/2019. Signed by Judge Brian R. Martinotti on 2/19/2019. (mps) (Entered: 02/20/2019) |
| 02/20/2019 | | Reset Deadlines as to [113](#) MOTION to Dismiss *Amended Complaint*, [112](#) Amended MOTION to Dismiss , [111](#) MOTION to Dismiss *with prejudice*. Motions set for 4/1/2019 before Judge Brian R. Martinotti. Unless otherwise directed by the Court, these motions will be decided on the papers and no appearances are required. Note that this is an automatically generated message from the Clerk`s Office and does not supersede any previous or subsequent orders from the Court. (mps) (Entered: 02/20/2019) |
| 03/11/2019 | [117](#) | RESPONSE in Opposition filed by EDWARD LEO, CLIFFORD J MARCHION, DONNA MARCHION re [112](#) Amended MOTION to Dismiss , [111](#) MOTION to Dismiss *with prejudice*, [113](#) MOTION to Dismiss *Amended Complaint* (Attachments: # [1](#) Exhibit A, # [2](#) Exhibit B)(TOGNAN, KYLE) (Entered: 03/11/2019) |
| 03/15/2019 | [118](#) | Letter from Robert A. Mintz Requesting a Brief Extension to File Willis' Reply Brief. (MINTZ, ROBERT) (Entered: 03/15/2019) |
| 03/15/2019 | [119](#) | LETTER ORDER granting request for an extension until 3/28/2019 for Defendant Willis of Ohio, Inc. to file their reply brief in further support of their [113](#) Motion to Dismiss. Signed by Judge Brian R. Martinotti on 3/15/2019. (mps) (Entered: 03/15/2019) |
| 03/19/2019 | 120 | TEXT ORDER REASSIGNING CASE. Case reassigned to Judge Freda L. Wolfson for all further proceedings. Judge Brian R. Martinotti no longer assigned to case. So Ordered by Chief Judge Jose L. Linares on 3/19/2019. (jjc, ) (Entered: 03/19/2019) |
| 03/22/2019 | [121](#) | RESPONSE in Support filed by GREAT AMERICAN ASSURANCE COMPANY re [112](#) Amended MOTION to Dismiss *REPLY IN SUPPORT OF GREAT AMERICAN ASSURANCE COMPANY'S MOTION TO DISMISS* (HAAS, KEVIN) (Entered: 03/22/2019) |
| 03/25/2019 | | CLERK'S QUALITY CONTROL MESSAGE - BRUCE CELEBREZZE does not have a correct e-mail address listed with the court and is not receiving his/her notices of electronic filing in this case. Pursuant to local rule 10.1 and court procedures, counsel and unrepresented parties are required to notify the court of any mailing or e-mail address changes. The court has deleted the invalid e-mail address. Attorneys should review the |

| | | ECF link on our web site for information on maintaining your account and unrepresented parties, or those attorneys without access to maintaining their account, should notice the Clerk. (jml, ) (Entered: 03/25/2019) |
|---|---|---|
| 03/25/2019 | [122](#) | REPLY BRIEF to Opposition to Motion filed by CHAMPION MORTGAGE COMPANY re [111](#) MOTION to Dismiss *with prejudice* (EYET, MATTHEW) (Entered: 03/25/2019) |
| 03/28/2019 | [123](#) | Letter from Robert A. Mintz on Behalf of Defendant Willis of Ohio, Inc.. (MINTZ, ROBERT) (Entered: 03/28/2019) |
| 03/28/2019 | [124](#) | BRIEF in Support filed by WILLIS OF OHIO, INC. re [113](#) MOTION to Dismiss *Amended Complaint* (MINTZ, ROBERT) (Entered: 03/28/2019) |
| 03/29/2019 | [125](#) | LETTER ORDER that Defendant may file a 20-page reply brief in 12 point Times New Roman Font in further support of the motion to dismiss. Signed by Judge Freda L. Wolfson on 3/29/2019. (mmh) (Entered: 03/29/2019) |
| 03/29/2019 | [126](#) | Letter from Kyle Tognan. (TOGNAN, KYLE) (Entered: 03/29/2019) |
| 03/29/2019 | [127](#) | Letter from Kyle R. Tognan, Esq.. (TOGNAN, KYLE) (Entered: 03/29/2019) |
| 03/29/2019 | [128](#) | REPLY to Response to Motion filed by WILLIS OF OHIO, INC. re [113](#) MOTION to Dismiss *Amended Complaint* (MINTZ, ROBERT) (Entered: 03/29/2019) |
| 04/03/2019 | [129](#) | Letter from Robert A. Mintz to Hon. Freda L. Wolfson. (MINTZ, ROBERT) (Entered: 04/03/2019) |
| 04/04/2019 | [130](#) | Letter from Kyle Tognan. (TOGNAN, KYLE) (Entered: 04/04/2019) |
| 04/22/2019 | [131](#) | Letter from Robert A. Mintz. (Attachments: # [1](#) Exhibit)(MINTZ, ROBERT) (Entered: 04/22/2019) |
| 04/26/2019 | [132](#) | Letter from Adam Moskowitz. (TOGNAN, KYLE) (Entered: 04/26/2019) |
| 06/25/2019 | 133 | TEXT ORDER REASSIGNING CASE. Case reassigned to Judge Anne E. Thompson for all further proceedings. Chief Judge Freda L. Wolfson no longer assigned to case. So Ordered by Chief Judge Freda L. Wolfson on 6/25/2019. (jjc, ) (Entered: 06/25/2019) |
| 07/09/2019 | [134](#) | Letter from Kyle R. Tognan. (Attachments: # [1](#) Exhibit A, # [2](#) Exhibit B)(TOGNAN, KYLE) (Entered: 07/09/2019) |
| 07/11/2019 | | Set/Reset Hearings: Telephonic Status Conference set for 7/16/2019 at 09:30 AM before Judge Anne E. Thompson. Call in information will be provided to parties by the Court prior to the call. (adi, ) (Entered: 07/11/2019) |
| 07/15/2019 | [135](#) | Letter from Robert A. Mintz to Hon. Anne E. Thompson. (Attachments: # [1](#) Exhibit A, # [2](#) Exhibit B, # [3](#) Exhibit C)(MINTZ, ROBERT) (Entered: 07/15/2019) |
| 07/16/2019 | [136](#) | Minute Entry for proceedings held before Judge Anne E. Thompson: Telephonic Status Conference held on 7/16/2019. (Court Recorder K. McGONIGLE.) (adi, ) (Entered: 07/18/2019) |
| 08/15/2019 | [137](#) | OPINION filed. Signed by Judge Anne E. Thompson on 8/15/2019. (jem) (Entered: 08/15/2019) |
| 08/15/2019 | [138](#) | ORDER that the Motion to Dismiss brought by Defendant Nationstar Mortgage LLC of Delaware [111](#) is GRANTED; the Amended Motion to Dismiss brought by Defendant Great American Assurance Company [112](#) is GRANTED; the Motion to Dismiss Amended Complaint brought by Defendant Willis of Ohio, Inc. [113](#) is GRANTED; the |

| | | Amended Complaint [58] is DISMISSED. Signed by Judge Anne E. Thompson on 8/15/2019. (jem) (Entered: 08/15/2019) |
| 08/15/2019 | | ***Civil Case Terminated. (jem) (Entered: 08/20/2019) |

### PACER Service Center

**Transaction Receipt**

09/09/2019 11:34:39

| PACER Login: | moskowitzpacer:5453594:5757140 | Client Code: | Force Placed Champion |
| Description: | Docket Report | Search Criteria: | 3:17-cv-05839-AET-DEA Start date: 1/1/1970 End date: 9/9/2019 |
| Billable Pages: | 13 | Cost: | 1.30 |
